IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RALPH V. CLARK AND KAREN C. CLARK, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. **3:14-CV-02933-L** |
| WELLS FARGO HOME MORTGAGE, a division of WELLS FARGO BANK, N.A., | § § § § § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendant's Verified Motion to Abate (Doc. 13), filed October 10, 2014. Because the court was concerned that certain case deadlines could be affected by Defendant's motion, the court expedited the briefing on the motion and directed Plaintiffs to file a response and proof of compliance with section 17.505(a) of the Texas Business and Commerce Code by October 15, 2014. Plaintiffs responded to the motion on October 15, 2014. For the reasons herein explained, the court **grants** Defendant's Verified Motion to Abate (Doc. 13).

**I.    Discussion**

In response to Defendant's motion, Plaintiffs contend that a written demand by them on April 9, 2014, satisfies the Deceptive Trade Practices Act's ("DTPA") notice requirement. Plaintiffs therefore contend that Defendant's motion for abatement should be denied. Alternatively, Plaintiffs

**Memorandum Opinion and Order – Page 1**

request that they be allowed to supplement their notice and proceed with their non-DTPA claims during any abatement period if the court determines that their notice to Defendant was insufficient.

Section 17.505(a) of the DTPA provides:

> As a prerequisite to filing a suit seeking damages under Subdivision (1) of Subsection (b) of Section 17.50 of this subchapter against any person, a consumer shall give written notice to the person at least 60 days before filing the suit advising the person in reasonable detail of the consumer's specific complaint and the amount of economic damages, damages for mental anguish, and expenses, including attorneys' fees, if any, reasonably incurred by the consumer in asserting the claim against the defendant.

Tex. Bus. & Com. Code § 17.505(a). The purpose of the DTPA notice provision is "to discourage litigation and encourage settlements of consumer complaints." *Hines v. Hash*, 843 S.W.2d 464, 468 (Tex. 1992) (citation omitted). "Within 30 days of receiving the required notice, a person may tender a written offer to settle, and if the consumer rejects the offer and does not recover substantially different damages at trial, recovery is limited to the amount of the offer." *Hines*, 843 S.W.2d at 467 (citing § 17.505(b)-(e)). Within the same period, "[a] person may also . . . tender payment of the actual damages and expenses claimed, and then may assert that tender in complete defense to an action for damages under the DTPA." *Hines*, 843 S.W.2d at 467 (citing § 17.506(d)).

The DTPA's notice requirement is mandatory and is a prerequisite to a DTPA action for damages. *Hines*, 843 S.W.2d at 467-68. When notice is not provided before suit is filed, the trial court must abate the proceedings for 60 days to give the plaintiff an opportunity to cure the defect. *Id.* at 469. If the plaintiff fails to give the requisite notice while the action is abated for that purpose, dismissal of the action is appropriate. *Id.* It is the plaintiff's burden to plead that notice was given to the defendant as required by the DTPA. *Id.* at 467. An objection and request for abatement by a defendant, however, must be made timely "while the purpose of notice—settlement and avoidance

**Memorandum Opinion and Order – Page 2**

of litigation expense—remains viable. Thus, [a] defendant must request an abatement with the filing of an answer or very soon thereafter." *Id.* at 469.

In their April 4 letter, Plaintiffs requested Defendant to turn over the $32,000 in surplus funds remaining after the foreclosure and sale of their home. Plaintiffs also indicated that this request is "without waiver of any claims we might have relating to the foreclosure or your actions." Pls.' Ex. B. On July 22, 2014, Plaintiffs filed this action alleging that Defendant violated the DTPA by: "breaching an express warranty contained [i]n the deed of trust" and "engaging in an unconscionable action or course of action" when it failed to deliver the surplus funds. Pls.' Original Pet. 6. Plaintiffs assert in their Original Petition that demand for the surplus funds was made, but Defendant failed and refused to deliver the surplus funds. *Id.* Plaintiffs allege that they suffered and are entitled to recover actual damages, mental anguish damages, and treble damages for Defendant's knowing and intentional violation of the DTPA in withholding the surplus funds. *Id.*

Plaintiffs' demand letter, however, fails to provide any specific information regarding Defendant's alleged breach of warranty and intentional, knowing, unconscionable conduct; nor does the demand letter provide any information regarding the damages that Plaintiffs seek in this action other than the $32,000 in surplus funds. Thus, Plaintiffs' demand letter does not satisfy section 17.505(a) of the DTPA. The court further determines that Defendant's motion for abatement is timely because it was filed within four days after Defendant filed its answer in this case. Abatement of Plaintiffs' DTPA claim is therefore appropriate. The court **denies** Plaintiffs' request to allow their remaining non-DTPA claims to proceed during the abatement period because proceeding in piecemeal fashion will result in different deadlines for different claims and interfere with the court's ability to efficiently manage the litigation and resolve the claims asserted in this case.

II.  **Conclusion**

For the reasons stated, the court **grants** Defendant's Verified Motion to Abate (Doc. 13). Rather than only abate Plaintiffs' DTPA claim, the court **abates** this action in its entirety until the sixtieth day after Plaintiffs provide Defendant with notice in compliance with section 17.505(a). Plaintiffs' notice must include the following information: (1) the factual basis for Plaintiffs' allegations that Defendant breached the warranty under the deed of trust and acted intentionally, knowingly, and unconscionably in failing to turn over the surplus funds; (2) the categories of damages sought by Plaintiffs under the DTPA; (3) the amount of damages sought in each such category; and (4) any expenses and attorney's fees sought and incurred by Plaintiffs in asserting their DTPA claim against Defendant.

Further, Plaintiffs **shall** provide the forgoing notice to Defendant by **October 31, 2014.** Defendant **shall** notify the court in writing as to Plaintiffs' compliance or noncompliance with the notice provision by **November 7, 2014.** If Plaintiffs provide Defendant with the requisite notice by October 31, 2014, in accordance with this order, the court will enter an order on December 31, 2014, lifting the abatement. *Plaintiffs' failure to provide any notice whatsoever to Defendant by October 31, 2014, will result in dismissal without prejudice of their DTPA claim pursuant to Federal Rule of Civil Procedure 41(b). If, on the other hand, Plaintiffs provide Defendant with notice, but Defendant contends, and the court determines, that the notice given by Plaintiffs is deficient, the abatement of the case will continue until sixty days after notice is provided in accordance with this order and section 17.505(a).* Given the court's decision to abate the proceedings in this case, it **vacates** the October 7, 2014 Order Requiring Attorney Conference and Status Report and will enter an amended order after the conclusion of the abatement period.

**Memorandum Opinion and Order – Page 4**

**It is so ordered** this 16th day of October, 2014.

                                                */s/ Sam A. Lindsay*
                                                Sam A. Lindsay
                                                United States District Judge